IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

YARDLEY LYONS                                                           PLAINTIFF

V.                                               CIVIL ACTION NO. 3:19-CV-00114-RP

STATE OF MISSISSIPPI, et al.                                       DEFENDANTS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the court upon Plaintiff Yardley Lyons' motion for reconsideration of the court's June 19, 2019, order dismissing this action. For the foregoing reasons, the court finds that the instant motion should be denied.

On May 28, 2019, Lyons filed a *pro se* prisoner complaint under 28 U.S.C. § 1983, alleging that his "trusty time" from 2013 to 2017 had not been showing up on his time sheet. Doc. # 1. Mississippi law does not provide prisoners with a constitutionally protected interest in earning good-time or trusty credits. Thus, the court entered an order and corresponding final judgment on June 19, 2019, dismissing Lyons' complaint with prejudice for failure to state a claim upon which relief may be granted. Doc. #s 8, 9. On August 26, 2019, Lyons moved for reconsideration of the court's order dismissing his complaint.[1] Doc. # 11.

Under Rule 60(b) of the Federal Rules of Civil Procedure,[2] a court can relieve a party from an order for one of six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged it is based on an earlier judgment that has been reversed or vacated or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[1] Lyons styled his motion as a "motion requesting court to rescind its order dismissing complaint with prejudice." The motion is effectively a motion for reconsideration and will be addressed accordingly.
[2] Rule 60(b) controls because Lyons' motion was filed more than twenty-eight days after entry of the Court's order.

Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record." *Hill v. McDermott*, 827 F.2d 1040, 1043 (5th Cir. 1987).

Lyons' entire motion consists only of regurgitations of law and citations of authority from other circuits. Beyond these citations and conclusory assertions of error, Lyons offers absolutely no substantive argument as to why reconsideration is warranted. Accordingly, Lyons' motion [11] is hereby **DENIED**.

**SO ORDERED**, this the 9th day of October, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE